**O**

1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11  INTRIVO DIAGNOSTICS, INC.,                    Case No. 2:22-cv-00370-ODW (SKx)

12              Plaintiff,                       **ORDER DENYING *EX PARTE***
                                                **APPLICATION FOR TEMPORARY**
13      v.                                       **RESTRAINING ORDER [9]; AND**

14  ACCESS BIO, INC. et al.,                     **ORDER TO SHOW CAUSE RE**
                                                **PRELIMINARY INJUNCTION**
15              Defendants.

16

17              **I.    INTRODUCTION & BACKGROUND**

18          On January 19, 2022, Plaintiff Intrivo Diagnostics, Inc. initiated this action

19  against Defendant Access Bio, Inc., asserting claims for breach of contract, intentional

20  interference, and unlawful business practices.   (*See* Notice of Removal, Ex. A

21  ("Compl."), ECF No. 1-1.)   Intrivo alleges it contracted with Access Bio in

22  October 2021 for Access Bio to produce and supply Intrivo with millions of over-the-

23  counter COVID-19 rapid tests ("On/Go Tests").   (*Id.* ¶¶ 27–28.)   Intrivo alleges

24  Access Bio failed to supply more than half the tests promised and instead diverted its

25  resources to producing its own COVID-19 tests for its own profit.  (*Id.* ¶ 33.)

26          On January 19, 2022, Intrivo filed an *ex parte* application for a temporary

27  restraining order ("TRO"), primarily seeking an order prohibiting Access Bio from

28  using its production resources for anyone except Intrivo until Access Bio has fulfilled

Intrivo's promised test quantities.   (TRO 5, ECF No. 9.)   Access Bio opposes, asserting that the parties never agreed that Access Bio would dedicate 100% of its production capacity to only Intrivo's brand of COVID-19 tests, and that any shortfalls in supply to Intrivo have been caused by Intrivo or by production challenges resulting from the pandemic.  (Opp'n Ex Parte Appl. ("Opp'n TRO") 18–20, ECF No. 12.)

For at least the reasons that follow, the Court **DENIES** Intrivo's TRO, but orders the parties to show cause why a preliminary injunction should not be granted.

## II.   LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'").   The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).   Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."   Fed. R. Civ. P. 65(b).   To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Courts in the Ninth Circuit evaluate the *Winter* factors on a sliding scale: "serious questions going to the merits[] and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the

injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## III.   DISCUSSION

The Court finds that the requested temporary restraining order is inappropriate. It is not in the public interest and the Court is not persuaded that the alleged harm is irreparable.  Nor does the alleged harm appear immediate, meaning there is time to develop the record before making a final determination on the propriety of a preliminary injunction.

First, the requested injunction would not serve the public interest.  Intrivo seeks an order prohibiting Access Bio from using its resources to produce COVID-19 tests other than for Intrivo.  (TRO 5.)  This prohibition would not significantly increase the number of On/Go Tests being produced, but instead would reduce overall production and availability of COVID-19 tests in the market.  (*See* Opp'n 11–12.)  Significantly, to increase production of Intrivo's On/Go Tests would require a mandatory, rather than a prohibitory, injunction, directing Access Bio to reallocate and reassign resources from other production lines to produce Intrivo's On/Go Tests.  Intrivo's requested injunction does not go that far.  Rather, Intrivo seeks an injunction prohibiting Access Bio from producing COVID-19 tests other than for Intrivo.  The public needs more tests, not fewer, and increasing Intrivo's market share to the detriment of the public's access to COVID-19 rapid testing is against the public interest.

Next, the Court is not persuaded that Intrivo's alleged harm is irreparable. Intrivo asserts injury in the form of unfulfilled purchase orders, lost customers, and damaged business reputation and goodwill.  (TRO 15–17.)  The injuries that arise from unfulfilled purchase orders are lost profits and related consequential damages, all of which are typically compensable with monetary damages.  "Consequently, courts rarely grant preliminary injunctions for breach of contract claims."  *P & H Indus., LLC v. P & H Casters Co., Inc.*, No. EDCV 20-16 JGB (KKx), 2020 WL 4258789,

at *4 (C.D. Cal. May 5, 2020).  And while some courts have found certain types of injury to goodwill and reputation to be possibly irreparable, the risk of irreparable harm must be "likely, not just possible," (contrary to Intrivo's arguments based on cases applying an out-of-date, lesser standard).  *All. for the Wild Rockies*, 632 F.3d at 1131.  Here, Intrivo fails to show that the harm to its reputation and goodwill is likely, not just possible.

Moreover, the cases Intrivo cites where courts found damage to goodwill and reputation to be irreparable involve claims for trademark infringement and trade secret misappropriation, not breach of contract.  *See, e.g.*, *Stuhlbarg Int'l Sales Co.*, 240 F.3d at 841; *First Found. Inc. v. Giddings*, 2020 WL 2095810, No. SA CV 20-00359-DOC-KES, at *4 (C.D. Cal. Feb. 28, 2020).  In any event, the Court is not persuaded that goodwill and reputational harm are the true injuries here, as opposed to injury from unfulfilled purchase orders, which can be remedied with money damages under contract principles.

Finally, the Court notes that, to the extent there is any threat of irreparable harm to Intrivo's reputation or goodwill, Intrivo does not show that threat to be immediate. Therefore, it is appropriate to provide the parties with time to develop a more fulsome record before making a final determination on the propriety of an injunction.

Even under the sliding scale approach, a plaintiff must still show "there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See All. for the Wild Rockies*, 632 F.3d at 1135.  As the Court is not persuaded that Intrivo has done so here, the Court does not reach the elements of likelihood of success on the merits or balance of equities.

## IV.   CONCLUSION

The Court finds that Intrivo fails to meet the high burden of establishing that it is entitled to the extraordinary remedy of an emergency TRO.  Accordingly, the Court **DENIES** Intrivo's application for a TRO.  (ECF No. 9.)  The Court believes that a more developed record may be beneficial, however, and therefore **Orders** the parties

to **Show Cause on February 14, 2022, at 1:30 p.m. via Zoom**, why a preliminary injunction for Intrivo's requested relief should not issue.  Intrivo may supplement its application for a preliminary injunction no later than **January 28, 2022**.  Access Bio may supplement its Opposition no later than **February 4, 2022**.

**IT IS SO ORDERED.**

January 24, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**